331 P.2d 1104

Roque TUDESQUE, Petitioner-Appellant,

v.

NEW MEXICO STATE BOARD OF BAR-
BER EXAMINERS, Respondent-
Appellee.

No. 6431.

Supreme Court of New Mexico.

Nov. 18, 1958.

R. F. Deacon Arledge, Charles Driscoll, Albuquerque, for appellant.

Fred M. Standley, Atty. Gen., C. R. McIntosh, Santa Fe, for appellee.

LUJAN, Chief Justice.

This case involves the proper venue for judicial review of price agreement orders of the State Board of Barber Examiners.

On February 14, 1958, appellant filed a petition for review of a price agreement order of the Board of Barber Examiners in the District Court of Bernalillo County. The petition attacks the constitutionality of the law under which the Board purported to act. It also alleges that the statement in the Board's letter and order to the effect that the minimum prices established in the order had been approved "by more than 75% of the registered barber residents of the County of Bernalillo" is in fact untrue. The petition further alleges, in substance, that appellant and other registered and licensed barbers in Bernalillo County were denied procedural due process.

The Board filed a motion to dismiss for improper venue on the ground that its members were state officers and that petitioner's statutory suit against the Board was a suit against state officers and could be brought only in the District Court of Santa Fe County. The motion was sustained and petitioner prosecutes this appeal.

The Uniform Licensing Act, enacted by the legislature in 1957, sets forth venue provisions governing the judicial review only of orders of the Barber Board which relate to the denial, suspension or revocation of licenses, and hence it is inapplicable in this case. Laws of 1957, Chapter 247.

Section 67–14–33, NMSA 1953, provides for judicial review of *any* action of the Board. This Section provides that "any applicant or licensee deeming himself aggrieved by any action of the board * * * may * * * file a petition in the district court." Obviously this Section is of no aid in determining the proper venue for judicial review of the Board action complained of.

Appellant contends that the proper venue for judicial review of price agreement orders is "in the district court of the *judicial district* within which the challenged order had its sole impact." The only basis for this contention is that Section 67–14–36, NMSA 1953, dealing with orders fixing prices of barber work (and not with judicial review of such orders), originally contained language to the effect that in determining reasonable minimum prices the Board must take into consideration the necessary costs incurred in the particular judicial district in maintaining the shop in a sanitary condition. Further, the Section originally contained a provision that the Board's power to approve price agreements is contingent upon approval of such mini-

mum prices of 75% of the barbers in the judicial district.

Yet the Section providing for judicial review of Board orders (Section 67–14–33, supra) contains no mention whatever of a judicial district. It is also worthy of comment that a 1943 amendment of Section 67–14–36, supra, substituted the word "county" for "judicial district" wherever the latter words appeared in this Section.

We do not feel that simply because the provision regarding price agreement orders originally contained the term "judicial district" somewhere therein that it indicated a legislative intent that *venue* be in judicial districts. The legislature undoubtedly has the power to enact such a provision, but such a venue requirement would be unusual and we feel the legislature would have expressly so provided if that was its intention. It should be remembered that the creation of judicial districts was simply for convenience in providing the requisite judicial force to administer the law throughout the State. See State v. Balles, 24 N.M. 16, 172 P. 196, and cases cited therein.

This conclusion does no violence to the doctrine that in construing an act, the entire act must be read together. See Cox v. City of Albuquerque, 53 N.M. 334, 207 P.2d 1017; State ex rel. Dresden v. District Court of Second Judicial District in and for Bernalillo County, 45 N.M. 119, 112 P.2d 506.

Appellant urges in the alternative that his is clearly a transitory action. It is by no means clear to us that an action of this type, which deals with the review of an order affecting prices in one county only, could properly be considered transitory. See Howle v. Twin States Express, 237 N.C. 667, 75 S.E.2d 732; Donigan v. Donigan, 236 Minn. 516, 53 N.W.2d 635. Be that as it may, the legislature has expressly localized suits against state officers by virtue of Section 21–5–1, subd. G, NMSA 1953. See Combs v. Hargis Bank & Trust Co., 234 Ky. 202, 27 S.W.2d 955; State ex rel. Cincinnati, N. O. & T. P. R. Co. v. Roettinger, 20 Ohio App. 47, 151 N.E. 777.

Thus the question is whether the present suit is one against state officers as such. The lower court decided, correctly we believe, that the present action is a suit against state officers and under the provisions of Section 21–5–1, subd. G, supra, venue in Bernalillo County was improper. This Section provided in pertinent part as follows:

"All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows, and not otherwise:

\*     \*     \*     \*     \*     \*

"G. Suits against any state officers as such shall be brought in the court of the county wherein their offices are located, at the capitol and not elsewhere."

The petition shows upon its face that the action is against the New Mexico State Board of Barber Examiners for official acts done in the performance of its statutory functions. The Board, with statutory situs in Santa Fe, has been clothed by the legislature with powers and duties of statewide scope, the exercise of which involve some portion of the governmental power. Hence the Board itself, as well as its component members, is a state officer as such within the meaning of Section 21–5–1, subd. G, supra. This principle, as applied to a single commissioner, has been well settled in this State since the case of Pollack v. Montoya, 55 N.M. 390, 234 P.2d 336.

Since a board can act only through its members, no logical distinction can be drawn between a situation where a board is involved and one where a single commissioner is involved. State ex rel. State Board of Education v. District Court of Bryan County, Okl., 290 P.2d 413; Gresty v. Darby, 146 Kan. 63, 68 P.2d 649; State ex rel. Starkey v. District Court of St. Louis County, 206 Minn. 54, 287 N.W. 601; Stine v. Atkinson, 69 Ohio App. 529, 44 N.E.2d 372; Godfrey v. Tidewater Power Co., 224 N.C. 657, 32 S.E.2d 27; Meeker v. Scudder, 108 Ohio St. 423, 140 N.E. 627; Board of Water Engineers v. Briscoe, Tex. Civ.App., 35 S.W.2d 804. See Annotation in 48 A.L.R.2d 423.

In the instant case there is no conflict between the statute dealing with review of orders of the Barber Board and the general "state officer" venue statute. Accordingly we expressly eschew any intention of indicating which venue provision would control if such a conflict were present.

The judgment of the lower court is affirmed.

It is so ordered.

McGHEE, COMPTON and SHILLING-LAW, JJ., concur.

SADLER, J., not participating.