387 P.2d 339

**Marcelino HERRERA, Plaintiff-Appellant,**

**v.**

**C & R PAVING COMPANY, Employer, and Commercial Insurance Company, Insurer, Defendants-Appellees.**

No. 7300.

Supreme Court of New Mexico.

Nov. 25, 1963.

Alfonso G. Sanchez, Florenceruth J. Brown, Santa Fe, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Frank H. Allen, Jr., Allen C. Dewey, Jr., Albuquerque, for appellees.

NOBLE, Justice.

The claimant, Herrera (appellant), received a lump sum award in workmen's compensation by judgment entered pursuant

to stipulation. The judgment, stipulation and a release and satisfaction executed by claimant were all filed May 10, 1961. On April 15, 1962, the claimant filed a motion pursuant to Rule 60(b) of the Rules of Civil Procedure (§ 21–1–1(60) (b), N.M. S.A.1953) to vacate and set aside the stipulation, judgment and the release on the ground of mistake, inadvertence, excusable neglect, newly discovered evidence and misconduct of the adverse party. A hearing with the right to present evidence was requested and granted. After the hearing, findings of fact and conclusions were made, and the relief sought was denied. This appeal is from that denial.

 The facts found by the trial court are those upon which the case rests in an appellate court unless they are set aside, and this court will not disturb facts found by the trial court which are substantially supported by the evidence. O'Meara v. Commercial Insurance Company, 71 N.M. 145, 376 P.2d 486; Little v. J. Korber & Co., 71 N.M. 294, 378 P.2d 119; Sellers v. Skarda, 71 N.M. 383, 378 P.2d 617; Grisham v. Nelms, 71 N.M. 37, 376 P.2d 1.

 Twenty of the twenty-nine findings are challenged as being unsupported by the evidence, and claimant asserts that requested findings contrary to those adopted are supported by substantial evidence and should have been given. The rule is well established that this court is required to resolve all conflicts in favor of the successful party and to indulge all reasonable inferences in support of the judgment, disregarding all evidence and inferences to the contrary, even though there is persuasive contrary testimony. Coseboom v. Marshall Trust, 67 N.M. 405, 356 P.2d 117; Addison v. Tessier, 65 N.M. 222, 335 P.2d 554; Bogle v. Potter, 72 N.M. 99, 380 P. 2d 839; Menger v. Otero County State Bank, 44 N.M. 82, 98 P.2d 834. It would serve no useful purpose to detail the evidence. Suffice it to say that a careful review of the record convinces us that, viewing the evidence in this light, the facts found by the trial court are substantially supported. That being so, requested findings and conclusions in conflict with those found by the trial court were properly denied. Allsup v. Space, 69 N.M. 353, 367 P.2d 531.

 Claimant asserts, under Rule 60 (b) (3), fraud and misconduct by an adverse party because the attorney who represented him was selected and paid for by the employer's insurance carrier, and further urges that the stipulation resulted from the mutual mistake of the parties. The trial court refused claimant's requested findings on both matters. The denial of the requested findings and a failure to find specifically on the issue is to be regarded as finding such material fact against the party having the burden of proof—in this case, the claimant. Hopkins v. Martinez, 73

N.M., 275, 387 P.2d 852; Coseboom v. Marshall Trust, supra; Farrar v. Hood, 56 N.M. 724, 249 P.2d 759. We treat the presumed findings as having been made. Hopkins v. Martinez, supra. Furthermore, where, as here, the jurisdiction of the court is invoked to approve settlement of a workmen's compensation claim, a reasonable fee for the services of claimant's attorney is required to be taxed as a part of the costs and paid by the employer or his insurance carrier. Sec. 59–10–23(B) (C), N.M.S.A.1953. Claimant's attorney was found by the trial court to be experienced and competent and to have properly explained all matters to claimant that are required of an attorney. The record discloses no evidence of misconduct by anyone. Reading together all of the facts found by the court makes it apparent to us that the trial court determined there was no evidence of mutual mistake for which equity will afford relief.

■■ Even if, in the light of subsequent events, an agreement of settlement of a workmen's compensation award proves to have been unwise or unfortunate, the courts will not ordinarily relieve either party from the effect of its binding agreement, absent fraud or imposition or a mistake against which equity will afford relief. Tocci v. Albuquerque & Cerrillos Coal Co., 45 N.M. 133, 112 P.2d 515; Ritter v. Albuquerque Gas & Electric Co., 47 N.M. 329, 142 P.2d 919, 153 A.L.R. 273; and see, also,

Mendenhall v. Vandeventer, 61 N.M. 277, 299 P.2d 457. Generally, to set aside and avoid a written release, the evidence must do more than merely preponderate—it "must be clear and convincing and beyond a reasonable controversy." Moruzzi v. Federal Life & Casualty Co., 42 N.M. 35, 75 P.2d 320, 115 A.L.R. 407.

■■ Claimant argues for the first time on appeal that relief should have been granted from the judgment because under provisions of § 59–10–25, N.M.S.A.1953, the court has authority to increase a workmen's compensation award when it is established that the disability becomes aggravated after the judgment through no fault of the workman. Issues in workmen's compensation cases not presented to nor ruled upon by the trial court will not be considered on appeal. Reck v. Robert E. McKee General Contractors, 59 N.M. 492, 287 P.2d 61; Hay v. New Mexico State Highway Department, 66 N.M. 145, 343 P.2d 845. Furthermore, the trial court specifically found that claimant's symptoms, at the time of the hearing on the motion, were not the result of the accidental injury for which the compensation award was made.

We conclude that denial of claimant's motion for relief from the judgment was not error.

■■ Since the court ruled against claimant's position and refused to vacate

the workmen's compensation judgment, he is not entitled to an allowance of attorneys fees.

The judgment should be affirmed. It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.