451 P.2d 303

**Juan D. ANAYA, Plaintiff-Appellant,**

v.

**The CITY OF SANTA FE, a municipal corporation, Employer, and Houston Fire and Casualty Insurance Company, a corporation, Insurer, Defendants-Appellees.**

No. 8166.

Supreme Court of New Mexico.

March 3, 1969.

Leslie D. Ringer, Santa Fe, for plaintiff-appellant.

White, Gilbert, Koch & Kelly, Santa Fe, for defendants-appellees.

## OPINION

TACKETT, Justice.

Plaintiff-appellant Juan D. Anaya, designated as "plaintiff," filed a claim for workmen's compensation against defendants-appellees The City of Santa Fe, employer, and Houston Fire and Casualty Insurance Company, insurer, designated as "defendants," for an injury received on April 11, 1957, while employed in the refuse department of the City. The complaint was filed on January 31, 1964, some six years and nine months subsequent to the date of the injury. The case was submitted to the trial court upon a stipulation that evidence would be received bearing on the statute of limitations and laches. Subsequently, the case was remanded to the trial court for additional evidence and

findings on the question of notice. The trial court found that the claim was barred by the statute of limitations, laches and unreasonable delay. Judgment was accordingly entered on March 15, 1966, dismissing the action with prejudice.

The trial court made the following findings of fact:

"1. Plaintiff suffered an injury by accident within the meaning and coverage of the Workmen's Compensation Act of New Mexico on April 11, 1957. Defendant insurer thereafter paid some compensation, the last payment having been made on or prior to May 27, 1958. This cause was filed January 31, 1964, at 9:45 A.M.

"2. Defendants admit that they did not file with the Labor Commissioner of New Mexico the report of the compensable accidental injury to plaintiff, then an employee of the defendant, City of Santa Fe, as required by New Mexico Statute, 1953 Compilation, Section 59–10–27.

"3. Defendants have been seriously and unavoidably prejudiced in their defense of this action because of plaintiff's delay in filing suit herein.

"4. No excuse for the delay in filing this cause herein has been offered or received in evidence.

"5. Plaintiff's delay in filing this cause was and is unreasonably long under the circumstances."

Supplemental findings of fact filed January 10, 1968, are as follows:

"1. That on April 11, 1957, the day the plaintiff suffered the injury by accident while employed by the defendant City of Santa Fe, the plaintiff orally advised . Mr. Diego Armijo, supervisor of the street, sewer and garbage department of said city, that he had fallen while working and injured his hand and arm, and Mr. Armijo sent him to a doctor for examination and medical attention.

."2. That thereafter, the plaintiff received compensation from the defendant insurer, the last payment having been made on or prior to May 27, 1958.

"3. That no other notice, written or oral, other than notice given as set forth in Finding No. 1 above, was made by plaintiff to defendant city or defendant insurer.

"4. That the employer, defendant City of Santa Fe, had actual notice of the injury, and the giving of any notice other than set forth in Finding No. 1 above was dispensed with, and in any event notice was acknowledged by the payment of compensation, as set forth in the original Findings made by the Court at the previous trial."

Conclusions of Law:

"2. This cause is barred by statutory limitations upon plaintiff's rights under the Workmen's Compensation Act of New Mexico.

"3. Plaintiff is barred from prosecuting this cause by his laches.

"4. This cause is barred by virtue of plaintiff having delayed an unreasonably long time before filing it without excuse and to defendant's prejudice thereby estopping himself from prosecuting this cause and whereby he is barred by the public policy of the State of New Mexico against the prosecution of stale claims."

For a brief background of this case, defendants had notice of the injury through a foreman for the City; plaintiff received medical attention and defendants thereafter paid compensation and medical expenses in connection with the injury, the last payment having been made prior to May 27, 1958; and on approximately that date defendants took a release from plaintiff, pur-

portedly releasing defendants from all claims of any nature arising as a result of the accidental injury on April 11, 1957.

It is the custom and practice of corporations, such as the insurance carrier in this case, to dispose of closed files some three years after the case is concluded. This was done here as the evidence indicates that all files had been destroyed on the presumption that the case had been closed and there would be no further activity with respect thereto.

Since defendants had notice of a compensable injury, § 59–10–27, N.M.S.A., 1953 Comp., obligated them to file an accident report with the labor commissioner. Not having filed a report, § 59–10–28, N.M.S.A., 1953 Comp., extended the period in which plaintiff might bring his claim under § 59–10–13, N.M.S.A., 1953 Comp. (repealed Laws 1959, Ch. 67, § 32), this being the law applicable to plaintiff's claim.

■ There are, however, certain equitable defenses such as laches and the facts to support laches are not disputed. Morris v. Ross, 58 N.M. 379, 271 P.2d 823 (1954). The word "barred" in § 59–10–28, supra, does not apply to laches and the legislative history shows that this section was enacted in connection with the limitation period.

■ Workmen's compensation statutes are sui generis and create rights, remedies and procedures which are exclusive. As to these rights and remedies, Ch. 92, § 7, Laws 1937, gives the employer and insurer the right to file an answer:

"* * * setting up any defense to the claim * * * or showing that he is not liable therefor for any reason * * *."

This wording appears in the old § 59–10–13, N.M.S.A., as it existed in 1957 and is to be compared with § 59–10–5, N.M.S.A., 1953 Comp., a part of the Workmen's Compensation Act which specifically abolished certain defenses to personal injury actions. This statutory language does not specifically authorize the defense of laches, but certainly it does not abolish the defense.

■ Even though our Workmen's Compensation Act does not specifically provide for equitable defenses, nevertheless, this court has considered equitable claims and defenses in workmen's compensation proceedings. Tocci v. Albuquerque & Cerrillos Coal Co., 45 N.M. 133, 112 P.2d 515 (1941)—fraud or mutual mistake; Hudson v. Herschbach Drilling Co., 46 N.M. 330, 128 P.2d 1044 (1942)—incapacity to contract; Lance v. New Mexico Military Institute, 70 N.M. 158, 371 P.2d 995 (1962) —estoppel; Winter v. Roberson Construction Co., 70 N.M. 187, 372 P.2d 381, 96 A. L.R.2d 933 (1962)—question of whether plaintiff was estopped; Herrera v. C & R Paving Co., 73 N.M. 237, 387 P.2d 339 (1963)—fraud and misconduct; Durham v. Gulf Interstate Engineering Co., 74 N.M. 277, 393 P.2d 15 (1964)—fraud or other inequitable conduct; Thomas v. Barber's Super Markets, Inc., 74 N.M. 720, 398 P.2d 51 (1964)—fraud, undue influence, misrepresentation or coercion; Gray v. J. P. (Bum) Gibbins, Inc., 75 N.M. 584, 408 P.2d 506 (1965)—fraud. These cases are cited to show that equitable considerations apply to workmen's compensation claims and defenses and may be applied to the instant case.

■■ The question of whether a claim is barred by laches must be determined by the facts and circumstances in each case and according to right and justice. Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another. Roberson v. Board of Education of City of Santa Fe, 78 N.M. 297, 430 P.2d 868 (1967).

■ The trial court found that defendants have been seriously and unavoidably prejudiced because of plaintiff's delay in bringing suit and that no excuse for the delay had been offered. These findings are not attacked. Accordingly, we agree with the trial court that plaintiff may not prosecute this cause because of his laches.

We are aware that our Workmen's Compensation Act is to be liberally construed

so that its beneficent purposes may not be thwarted; however, there is no construction, regardless of how liberal, that can be given to the requirements of the statute to justify a conclusion different from that of the trial court.

It is the opinion of this court that the trial court correctly held that this cause is barred by unreasonable delay and laches and, therefore, the decision of the trial court is affirmed.

It is so ordered.

COMPTON and CARMODY, JJ., and JOE W. WOOD, J. Ct. App., concur.

NOBLE, Chief Justice (dissenting).

In my view, the majority opinion is erroneous in applying the doctrine of laches to defeat an express period of time permitted by statute within which the workman's claim may be filed.

The question presented by this appeal is whether the workman's compensation claim, filed January 31, 1964, seeking benefits for an injury that occurred April 11, 1957, was timely. This was not a claim for a latent injury. Section 59–10–13.6, N.M.S.A. 1953, limits the time within which a claim for compensation benefits must be filed to one year after the failure or refusal of the employer to pay compensation. Certain exceptions and conditions, however, extend the statutory period of such limitations. Among those is the failure of the employer to make a written report to the labor commissioner as required by § 59–10–27, N.M.S.A. 1953. Section 59–10–28, N.M.S.A. 1953, reads:

"No claim for compensation under the Workmen's Compensation Act [59–10–1 to 59–10–37], as it now provides or as it may hereafter be amended, shall be barred prior to the filing of such report (the report required by § 59–10–27) or within thirty (30) days thereafter, Provided, however, that this section shall not be construed to shorten the time now provided for filing such claims with the district court."

Thus, under well-established principles of statutory construction all of the statutory provisions relating to a subject should be considered together in construing a part thereof, and should be so interpreted as to harmonize and effectuate all of the provisions if possible. Kendrick v. Gackle Drilling Co., 71 N.M. 113, 376 P.2d 176; Tudesque v. New Mexico State Board of Barber Exam., 65 N.M. 42, 331 P.2d 1104; Cox v. City of Albuquerque, 53 N.M. 334, 207 P.2d 1017; State ex rel. Dresden v. District Court, 45 N.M. 119, 112 P.2d 506. The legislature undoubtedly has the right to provide the time within which claims for benefits under the Workmen's Compensation Act may or must be filed. It can limit the time for filing such actions or it can, under certain conditions, extend that time. Applying these well-established principles of statutory construction, it is plain that the legislature provided that claims for workmen's compensation benefits must be filed within one year after the failure or refusal of an employer to pay an installment of compensation benefits unless the employer has failed to make a written report of the accident and injury. If the employer fails to make such report, then the time within which such claim may be filed is extended for a period of thirty days after the filing of such report. This, in my view, is an inescapable construction of § 59–10–13.6, § 59–10–27 and § 59–10–28, when read together, as we must.

The majority invoke the doctrine of laches to prevent the operation of an express legislative enactment providing that a workman may file his claim at any time within thirty days after the filing of the written report required by § 59–10–27, N. M.S.A. 1953. The majority can find no support for invoking the doctrine of laches merely because we discussed estoppel to prevent setting aside a release and settlement of a claim for benefits in Durham v. Gulf Interstate Eng'r Co., 74 N.M. 277, 393 P.2d 15; fraud to vacate a settlement and

release, as in Herrera v. C & R Paving Co., 73 N.M. 237, 387 P.2d 339; or concerning statements made in an application to secure employment, as in Winter v. Roberson Constr. Co., 70 N.M. 187, 372 P.2d 381, 96 A.L.R.2d 933; or as to who was the employer, as in Lance v. New Mexico Military Institute, 70 N.M. 158, 371 P.2d 995; or to vacate a settlement and release, as in Tocci v. Albuquerque & Cerrillos Coal Co., 45 N.M. 133, 112 P.2d 515. None of the New Mexico cases relied upon by the majority were concerned with any circumstances having to do with whether an action in workmen's compensation was timely filed. The mere fact that equitable doctrines may be invoked to permit the setting aside of a settlement or release in workmen's compensation clearly does not make laches available to defeat an express time permitted by statute for filing a claim.

Furthermore, even if equitable defenses may be used in workmen's compensation cases, laches is not permissible. The doctrine of laches has never been permitted in equitable actions to prevent the application of an express statute tolling a period of limitations or to defeat an express time permitted by statute for the filing of a claim. Laches, even in equitable actions, can only be interposed as a defense where there is no time limitation within which the action may be brought. It is not available where the legislative body has fixed a period within which the action may be brought. United States v. Mfrs. Hanover Trust Co., 229 F.Supp. 544 (S.D.N.Y. 1964); 30A C.J.S. Equity § 112. The limitation provided by the workmen's compensation statute is a limitation upon the right of action, which is purely statutory, and not a mere limitation upon the remedy.

In Swallows v. City of Albuquerque, 61 N.M. 265, 298 P.2d 945, we said:

"Workmen's compensation statutes are sui generis and create rights, remedies and procedure which are exclusive. They are in derogation of the common law and are not controlled or affected by the code of procedure in suits at law or *actions in equity* except as provided therein." (Emphasis added.)

See also Hudson v. Herschbach Drilling Co., 46 N.M. 330, 128 P.2d 1044, where we said the court would look to the general law regarding the setting aside of a workmen's compensation judgment only where no provision was made by the workmen's compensation law; and Stasey v. Stasey, 77 N.M. 436, 423 P.2d 869.

In my view, the clear unequivocal language of §§ 59–10–27 and 59–10–28 forbids application of the doctrine of laches to deny a claimant the time until thirty days after filing the report required by § 59–10–27, supra, within which to file his claim. Furthermore, the limitation statute (§ 59–10–13.6, N.M.S.A. 1953) is for the sole benefit of the employer, and he certainly may waive it by failure to file the report required by § 59–10–27. See Southern Ry. v. Grigsby, 155 Tenn. 285, 292 S.W. 3.

Section 59–10–28, supra, imposes a sanction upon the employer for failure to comply with the requirements of § 59–10–27, supra. To allow the employer or its insurance carrier, by its unilateral act of destroying its records, to avoid the requirements of law is to allow judicial construction to frustrate the express will of the legislature.

Since the trial court has found that the required report of the accident and injury have not been filed by the employer, in my view the clear language of the workmen's compensation law permits the filing of the claim in this case. I think the judgment dismissing the claim is erroneous. For the reasons given, I must dissent from the majority opinion.