John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky, Etc., et al., Appellants,

v.

Marcus MORRIS and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

Oct. 15, 1971.

As Modified on Rehearing Jan. 21, 1972.

**506**

Thomas R. Emerson, Dept. of Labor, Frankfort, for Special Fund.

J. W. Craft, Jr., Craft & Haynes, Hazard, for Deby Coal Co. # 2.

William Melton, Hazard, for appellees.

NEIKIRK, Judge.

The Workmen's Compensation Board found Marcus Morris to be totally and permanently disabled as a result of having pneumoconiosis and silicosis. The Board directed that compensation for the disability be paid by the Special Fund and that the medical expenses be paid by the employer, Deby Coal Company #2. The Leslie Circuit Court entered judgment affirming the Board's findings. The Special Fund and Deby Coal Company #2 appeal. We affirm.

Appellee Marcus Morris had been an underground coal miner for twenty-five years and had been employed by appellant Deby Coal Company from 1961 to 1969. Morris had filed an application with the Workmen's Compensation Board in 1958 against Georgia Belle Coal Company, his employer at that time, alleging permanent and total disability resulting from silicosis and pneumoconiosis. The application was dismissed by the Board on a finding that Morris did not have either disease. When Morris applied for employment with Deby Coal Company #2, he was required to fill out and sign an employment questionnaire. He stated that he had had no previous lung disorder or any physical defects, but did indicate that he had been X-rayed with inconclusive results. He did not reveal the 1958 claim that he had filed with the Workmen's Compensation Board; neither did he reveal that he had been employed by the Georgia Belle Coal Company, although he did list other former employments. Appellants contend that Morris gave false and fraudulent answers on the employment questionnaire and that he, therefore, should be barred from recovery in this case under the provisions of KRS 342.316(8), which are:

"No compensation shall be payable for occupational disease if the employe at the time of entering the employment of the employer by whom compensation would otherwise be payable, falsely represented himself, in writing, as not having been previously disabled, laid off, or compensated in damages or otherwise, because of such disease, or failed or omitted truthfully to state to the best of his knowledge, in answer to written inquiry made by the employer, the place, duration and nature of previous employment, or, to the best of his knowledge, the previous state of his health."

The Board, after hearing all the evidence concerning the questionnaire and, after considering the applicability of KRS 342.316(8), found that Morris was not barred from recovery in the instant case.

We believe the intent and purpose of the statute are to furnish to the employer relevant information concerning the past medical and work record of the employee. This information is of vital importance to the employer at the time of the employment. However, during an eight-year period of employment, the employer has had the opportunity to observe the employee and ascertain the answer to all of these inquiries first hand. As time passes, the answers given to the questionnaire become less relevant. For this reason, we believe the Board in the instant case was justified in not disqualifying the applicant because of his failure to furnish information requested.

The judgment is affirmed.

All concur.