798 P.2d 1069

**Richard SANCHEZ, Claimant–Appellant,**

v.

**MEMORIAL GENERAL HOSPITAL, a self-insured entity, Respondent–Appellee.**

**No. 11827.**

Court of Appeals of New Mexico.

Aug. 16, 1990.

Certiorari Denied Sept. 26, 1990.

Anthony F. Avallone, Law Systems of Las Cruces, P.A., Las Cruces, for claimant-appellant.

Douglas R. Vadnais, Tim L. Fields, Stuart R. Butzier, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for respondent-appellee.

## OPINION

DONNELLY, Judge.

Claimant appeals from an order of a workers' compensation judge (WCJ) dismissing claimant's workers' compensation claim with prejudice. Claimant has raised four issues on appeal, which we have consolidated and discuss as follows: (1) whether claimant's misrepresentations on his employment application concerning his prior medical condition and employment history provides a bar to his workers' compensation claim; and (2) whether substantial evidence supports the workers' compensation judge's decision to deny claimant compensation benefits. We affirm.

In April 1978 claimant applied for employment as a custodian with respondent Memorial General Hospital (Hospital). In response to questions contained in the employment application, claimant denied ever having received any benefits from workers' compensation insurance or having any physical limitations which might affect his

ability to perform custodial work. The employment application also directed that claimant list the names of his previous four employers. Claimant's written response listed three previous employers; but omitted any reference to having been previously employed for two years by New Mexico State University (NMSU).

In 1968 while employed with NMSU, claimant suffered an injury to his lower back. After filing a workers' compensation claim in district court, claimant settled with NMSU and its compensation carrier for temporary total disability, medical and related benefits. Several different physicians treated claimant for his back injury incurred during his employment with NMSU.

In 1978, claimant was hired as a janitor in the housekeeping department of the Hospital and worked without incident until September 12, 1987. While employed with the Hospital claimant suffered work-related injuries to his lower back on September 12, 1987 and October 14, 1987. Claimant testified that while he was lifting several laundry bags he experienced an onset of low back pain. He stayed home for a week and stated that his back pain improved with bed rest. Claimant returned to work, and three weeks later, while stacking laundry bags, he again suffered a reoccurrence of lower back pain. For these injuries, claimant received temporary and partial disability benefits from the Hospital.

On June 8, 1988 claimant filed a workers' compensation action against the Hospital. After a formal hearing, the WCJ entered orders on August 24, 1989 and September 26, 1989, incorporating findings and conclusions determining, among other things, that claimant had sustained an injury in 1968 while working for an employer other than the Hospital; that claimant had filed a workers' compensation complaint based on his 1968 injury, receiving compensation benefits and a lump-sum settlement totalling $9,114.44; that claimant knowingly and willfully made false representations on his application for employment regarding his past employment with NMSU; that until March 1989 claimant failed to reveal his past work with NMSU; that the Hospital relied on claimant's false representations contained in his employment application relating to his physical condition, and that this reliance was a substantial factor in hiring him.

The findings of the WCJ also determined that claimant never fully recovered from his 1968 injury, and that injury was causally connected to his false representations concerning his physical condition, contained in the Hospital application; that because of his false application of employment, claimant was barred from receiving compensation benefits due to the 1987 incidents; that claimant was not entitled to future medical expenses; that claimant owed the Hospital $5,246.17 for compensation benefits paid by it to claimant as a result of his 1987 injuries; and that no award should be made for claimant's attorneys' fees.

## I. CLAIMANT'S APPLICATION FOR EMPLOYMENT

Claimant argues that the representations contained in his employment application should not bar his claim for workers' compensation in the instant case, and that the Hospital failed to establish each of the factors which authorize denial of recovery of a workers' compensation claim based upon an alleged false representation in an employment application.

The courts in New Mexico recognize the defense of false representation in an action for workers' compensation. *See Gray v. J.P. (Bum) Gibbins, Inc.,* 75 N.M. 584, 408 P.2d 506 (1965); *Jaynes v. Wal-Mart Store No. 824,* 107 N.M. 648, 649, 763 P.2d 82, 83 (Ct.App.1988); *Martinez v. Driver Mechenbier, Inc.,* 90 N.M. 282, 562 P.2d 843 (Ct.App.1977); *see generally* 1C A. Larson, *The Law of Workmen's Compensation,* § 47.53 (1990). As observed in *Jaynes,* a false representation defense to a workers' compensation claim requires that:

(1) the employee must have knowingly and wilfully made a false representation as to his physical condition; (2) the employer must have relied upon the false representation and this reliance must have been a substantial factor in the

hiring; and (3) there must have been a causal connection between the false representation and the injury. *Id.* at 649, 763 P.2d at 83. *See also Martinez v. Driver Mechenbier, Inc.; Jewison v. Frerichs Constr.,* 434 N.W.2d 259 (Minn. 1989); 1C A. Larson, *supra,* at 8–394; *cf. Gray v. J.P. (Bum) Gibbins, Inc.* (court found that worker did not knowingly, intentionally or fraudulently misrepresent any material fact and that employer did not rely on questionnaire as a condition of employment). The burden is on the employer to prove each of the three elements. *See Jaynes v. Wal–Mart Store No. 824.* When the three elements as cited in *Jaynes* have been proved, a false representation as to physical condition or health made by an employee in procuring employment will preclude the awarding of workers' compensation benefits for an otherwise compensable injury. *Jaynes v. Wal–Mart Store No. 824; see also Jewison v. Frerichs Constr.*

Claimant challenges the WCJ's findings and conclusions that claimant made a knowing, willful false representation as to his physical condition on his application with the Hospital, asserting that the employment application failed to inquire as to applicant's physical condition. Thus, the alleged misrepresentation was not material. We disagree. Whether a person has acted knowingly or willfully is a fact issue rarely susceptible of proof by direct evidence. *Tallman v. ABF (Arkansas Best Freight),* 108 N.M. 124, 767 P.2d 363 (Ct.App.1988). Where it is material to his employment, an employee's withholding of the truth as to his physical condition or health may constitute a false representation. *McDaniel v. Colonial Mechanical Corp.,* 3 Va.App. 408, 350 S.E.2d 225 (1986); *see Jaynes v. Wal–Mart Store No. 824; cf. Gray v. J.P. (Bum) Gibbins, Inc.* (where worker was confused as to meaning of question, there was reason for fact-finder to determine that worker had not knowingly, intentionally or fraudulently made any misrepresentation of any material fact in answering question); *Krauzer v. Farmland Indus., Inc.,* 6 Kan.App.2d 107, 626 P.2d 1223 (1981) (actual misrepresentation not knowingly false where claimant's educational background was an eighth grade education; health history forms were complex and lengthy; and lack of severity of condition and employment physicals tended to negate knowing misrepresentation). Failure to disclose prior receipt of workers' compensation benefits, where such information is sought as part of an employment application, constitutes a knowing and willful false representation. *Jewison v. Frerichs Constr.*

The standard of appellate review in an appeal from the decision of a workers' compensation judge is that the reviewing court will apply the whole record review and will take into account all evidence, favorable and unfavorable, in the light most favorable to the agency's decision. *Tallman v. ABF (Arkansas Best Freight).* The reviewing court will not substitute its judgment for that of the Workers' Compensation Division, and the agency's findings will not be disturbed so long as they are supported by substantial evidence on the record as a whole. *Id.*

At the hearing before the WCJ, evidence was presented that claimant had sustained a 1968 back injury while employed by NMSU, that he had received workers' compensation benefits as a result of such injury, and subsequently settled the claim. The Hospital also presented evidence that claimant failed to reveal this prior injury and the fact that he had received workers' compensation benefits for the injury. There was testimony from four physicians, two of whom were claimant's experts, that in treating claimant for his 1987 injuries, he did not disclose his prior back injury, despite questioning concerning any prior history of back claims or injury. The record also indicates that on his April 1978 application for employment, claimant responded, "no" to the question, "Have you ever received any benefits from workman's compensation insurance?" Although claimant testified that he had not understood this question on the application, claimant stated he had completed the ninth grade, and his own vocational evaluator stated that claimant was proficient in reading. In

addition, claimant answered "no" to the question, "If you are employed, do you have any limitations which must be considered for the position in which you have applied?"

Evidence presented below indicates that claimant, when asked to list his four previous employers, omitted any reference to NMSU. Despite the questions contained on the employment application and oral questions later posed to claimant by Hospital personnel representatives, the record indicated that claimant did not disclose the fact of his 1968 back injury to the Hospital and also failed to disclose such fact in his response to the Hospital's initial interrogatories propounded to him.

At the close of the hearing, the WCJ questioned claimant's counsel about the omission of NMSU as a prior employer in light of claimant's two years employment with that institution. Claimant's counsel acknowledged that claimant had no excuse for this omission, and in addition, could not claim loss of memory for such an omission. The WCJ entered findings and conclusions that claimant failed to state on his employment application that he had previously worked for NMSU, despite working there for two years; and that claimant's "failure to complete the question on previous employment was for the purpose of avoiding investigation of his physical background and discovery of earlier back problems." Claimant does not specifically contest these determinations on appeal. Findings not directly attacked are facts upon which the case rests. *Lerma v. Romero*, 87 N.M. 3, 528 P.2d 647 (1974); *see Plumbers Specialty Supply Co. v. Enterprise Prods. Co.*, 96 N.M. 517, 632 P.2d 752 (Ct.App.1981).

In addition, the WCJ entered findings that a 1968 medical report indicated that claimant injured his back while lifting a barrel of books; that claimant had filed a workers' compensation claim based on the 1968 disability; that claimant had not stated on his employment application with the Hospital that he had received benefits from workers' compensation insurance and that he had stated that he had no limitations which should be considered for the position

for which he applied, despite the fact that he still suffered limitations from his 1968 injury; that he has the ability to read and understand what he reads; that his vocational evaluator established his proficiency in reading, math, addition, subtraction, ability to make change, and use an adding machine for inventory tasks; and that until March 1989, claimant failed to reveal his past work with NMSU.

■ Did respondent rely on claimant's false representation, and was this reliance a substantial factor in hiring claimant for the housekeeping position? Whether an employer relied upon the representations of an applicant is a question of fact. *Rowland v. Carriers Ins. Co.*, 738 S.W.2d 183 (Tenn.1987). The element of reliance is established where the employee would not have been hired without the deception or misrepresentation. *Id.*

The Hospital personnel director testified that at the time of claimant's employment by the Hospital, the Hospital had relied upon claimant's responses to questions in the employment application concerning whether he had ever previously received workers' compensation benefits, had any work limitations, and claimant's past work history in determining whether to hire claimant for the position in question. The personnel director further testified that an applicant with a history of back injury would not be a candidate for a custodial position unless the Hospital first received a physician's work release indicating the candidate could safely perform such duties. The WCJ found that the Hospital relied on the false representations made on claimant's application regarding his physical condition, and that this reliance was a substantial factor in hiring claimant. The WCJ also found that no doctor had given claimant a medical release to work following his 1968 injury.

We note that:

While an employer takes the employee as he finds him, an employer is not required to assume the risk of aggravating a pre-existing injury unless either some notice of the condition is given by the applicant to enable the employer to make an in-

formed hiring decision, or the employer does not rely upon the employee's representations.

*Beasley v. United States Fidelity & Guar. Co.*, 699 S.W.2d 143, 145 (Tenn.1985).

■ Claimant also disputes the existence of substantial evidence concerning the third factor enumerated in *Jaynes v. Wal–Mart Store No. 824*. Claimant argues that there was no causal connection between claimant's false representation and his September and October 1987 injuries. The employer bears the burden of proof to show that there was a causal connection between claimant's false representation and his work-related injury. *See id.; Givens v. Steel Structures, Inc.*, 279 S.C. 12, 301 S.E.2d 545 (1983) (record sustained finding of causal connection between two injuries where claimant testified that same part of back had been point of both injuries and expert medical testimony indicated claimant's condition was one of disc degeneration reflecting cumulative effect of successive injuries); *cf. Sanders v. Alan White Co.* 10 Ark.App. 322, 663 S.W.2d 939 (1984) (substantial evidence did not support causal connection between misrepresentation and injuries in absence of testimony, medical or otherwise, that there was such causal connection).

In order to satisfy the three-pronged test of *Jaynes,* the Hospital was not required to demonstrate that claimant's physical condition was the natural and direct result of his undisclosed 1968 injury. The Hospital was required to establish that the prior undisclosed injury placed claimant at an "increased risk" of suffering his claimed subsequent injury. *Chavez v. Lectrosonics, Inc.,* 93 N.M. 495, 601 P.2d 728 (Ct.App. 1979) (Sutin, J.); *see also United States Fidelity & Guar. Co. v. Edwards,* 764 S.W.2d 533 (Tenn.1989); *cf. Jewison v. Frerichs Constr.* (court found substantial evidence to support a finding that previous injuries were not cause of current injury, reasoning that the preexisting condition did not contribute to the occurrence of the accident in question).

The WCJ's findings determined that claimant had never fully recovered from his 1968 injury, and that his current physical condition "is a natural and direct result of and causally related" to that injury. The WCJ found that medical expert testimony established the causal connection between claimant's 1968 injury and his current physical condition.

■ Claimant argues that the defense of false application for employment asserted by the Hospital is contrary to the Workers' Compensation Act and that such a defense amounts to invalid judicial legislation. The Hospital maintains that claimant is precluded from raising a constitutional issue for the first time on appeal. Since an administrative agency does not have the authority to determine the constitutionality of a statutory enactment, raising such an issue before the WCJ is not required in order to preserve the issue for appeal because the WCJ has no authority to decide constitutional claims. *Montez v. J & B Radiator, Inc.,* 108 N.M. 752, 779 P.2d 129 (Ct.App. 1989).

■ The affirmative defense of a false representation in an employment application, however, was expressly recognized by our supreme court in *Gray v. J.P. (Bum) Gibbins, Inc.,* and found to be a valid defense consistent with the provisions of the Workers' Compensation Act and public policy. Nothing in the subsequent amendments to the Act has modified this holding. Any other result would be inconsistent with the purposes and objectives of such legislation. *See, e.g., Gough v. Famariss Oil & Ref. Co.,* 83 N.M. 710, 496 P.2d 1106 (Ct.App.1972). We find claimant's arguments without merit.

Examination of the history of the defense of fraudulent application for employment in New Mexico indicates that the defense is based upon equitable principles and is consistent with other applicable provisions of this state's Workers' Compensation Act. As observed by our supreme court in *Anaya v. City of Santa Fe,* 80 N.M. 54, 451 P.2d 303 (1969):

Even though our Workmen's Compensation Act does not specifically provide for equitable defenses, nevertheless, [the Supreme Court] has considered equitable

claims and defenses in workmen's compensation proceedings. *Tocci v. Albuquerque & Cerrillos Coal Co.*, 45 N.M. 133, 112 P.2d 515 (1941)—fraud or mutual mistake; *Hudson v. Herschback Drilling Co.*, 46 N.M. 330, 128 P.2d 1044 (1942)—incapacity to contract; *Lance v. New Mexico Military Institute*, 70 N.M. 158, 371 P.2d 995 (1962)—estoppel; *Winter v. Roberson Construction Co.*, 70 N.M. 187, 372 P.2d 381, 96 A.L.R.2d 933 (1962)—question of whether plaintiff was estopped; *Herrera v. C & R Paving Co.*, 73 N.M. 237, 387 P.2d 339 (1963)—fraud and misconduct; *Durham v. Gulf Interstate Engineering Co.*, 74 N.M. 277, 393 P.2d 15 (1964)—fraud or other inequitable conduct; *Thomas v. Barber's Super Markets, Inc.*, 74 N.M. 720, 398 P.2d 51 (1964)—fraud, undue influence, misrepresentation or coercion; *Gray v. J.P. (Bum) Gibbins, Inc.*, 75 N.M. 584, 408 P.2d 506 (1965)—fraud. These cases are cited to show that equitable considerations apply to workmen's compensation claims and defenses and may be applied to the instant case.

*Id.* at 56, 451 P.2d at 305.

Claimant argues that because the fraudulent employment application is not expressly included in the Workers' Compensation Act, the legislature did not intend to permit such defense. We disagree. The defense is equitable in nature, and nothing in the Workers' Compensation Act evidences a legislative intent to bar the equitable defense of fraud or estoppel.

## II. SUFFICIENCY OF EVIDENCE

Claimant raises a number of challenges as to the sufficiency of the evidence to support the order of the WCJ dismissing his workers' compensation claim based upon a finding of willful misrepresentation.

Claimant asserts that the evidence was insufficient to support the finding that he made a knowing and false representation to secure employment with the Hospital. Our review of the record indicates the existence of substantial evidence to support the findings of the WCJ on this issue. Findings Nos. 22, 24 and 25 adopted by the WCJ found that claimant's omission of his prior employment with NMSU and the fact of his 1968 injury was made knowingly and willfully and constituted a false representation. Claimant has not challenged these findings on appeal. Moreover, the record indicates that after suffering his 1987 injuries he failed to inform a Hospital claims officer concerning his prior employment with NMSU and his 1968 injury. Claimant also failed to disclose this information in his initial answers to interrogatories and in his deposition.

The WCJ also found that on numerous occasions claimant "concealed his prior Workers' Compensation Complaint and receipt of benefits," and that the Hospital relied "on [such] false representations * * * and this reliance was a substantial factor in hiring [claimant]." These findings are not specifically challenged on appeal and thus are accepted as true. *See* SCRA 1986, 12-213(A)(3); *State ex rel. Thornton v. Hesselden Constr. Co.*, 80 N.M. 121, 452 P.2d 190 (1969) (generalized attack on findings is insufficient); *see also Olguin v. Manning*, 104 N.M. 791, 727 P.2d 556 (Ct.App.1986).

The record also indicates that claimant answered "no" to the question on the application which inquired whether he had ever "received any benefits from Workman's Compensation insurance." As shown by the exhibits introduced at the formal workers' compensation hearing, claimant in fact had previously received weekly compensation benefits for over 106 weeks following his 1968 injury. Additionally, he received a lump-sum settlement for that injury. On appeal, we review the whole record to determine whether there is substantial evidence to support the findings of the WCJ. *Tallman v. ABF (Arkansas Best Freight)*. A review of the evidence amply supports the findings and conclusions of the WCJ.

Claimant has also challenged the sufficiency of the evidence to support a finding indicating the existence of a causal connection between his alleged false representations and his 1986 injuries. In urging this point, claimant has not directly challenged

the WCJ's Findings Nos. 16 and 17. These findings were:

16. Claimant * * * never fully recovered from his injury and his current physical condition is a natural and direct result of and causally related to his 1968 injury.

17. Dr. Diven's medical report of June 07, 1989 establishes the causal connection between the 1968 injury and [claimant's] current physical condition. Dr. Diven states "[claimant's] complaints, physical examination, physical limitations, and diagnostic studies today demonstrate back problems which would be the normal, and unfortunately, natural, expected results of 20 years added to his previous back problems and injury.

A letter from Dr. Diven to the Hospital's attorney, dated June 7, 1989, was introduced into evidence. Dr. Diven stated,

The matter of [claimant's] previous impairment is an important one * * *.

    \*     \*     \*     \*     \*     \*

* * * I think certainly, the injury and the problems that were demonstrated in 1968 would make him a higher risk candidate for future back pain and recurrent injury, but most of his life is a series of small injuries to a back like [claimant's] and is not surprising that he has pain at the present time.

Other evidence contained in the record indicates that claimant's 1987 back injury was in the same location as his 1968 injury. The record also indicates that following the 1968 injury, claimant was not given a release to return to work. Dr. Howard M. Lee, a surgeon called by claimant, indicated that patients who have sustained a prior severe back injury are statistically at an increased risk of suffering further degenerative back changes.

It would serve no useful purpose to further detail the evidence presented at trial bearing upon this contention. It is sufficient to state that the record, including the testimony of Dr. Diven, amply supports the findings adopted below and the existence of a causal connection between the 1968 and 1986 back injuries.

In addition, claimant's challenge concerning the WCJ's failure to adopt claimant's proposed findings is without merit. The refusal of a requested finding has the legal effect of a finding against the party who submitted the request. *Kincaid v. WEK Drilling Co.,* 109 N.M. 480, 786 P.2d 1214 (Ct.App.1989).

Finally, claimant argues that the extended passage of time between his 1968 injury and the 1986 back injury should preclude the Hospital's use of the defense of false employment application, and the employer should be presumed to rely upon his interim satisfactory job performance. For this assertion, claimant relies on *Young v. Morris,* 475 S.W.2d 505 (Ky.1971). We find *Young* factually distinguishable from the present case. In *Young,* the court interpreted the applicability of a specific statutory provision and sustained the Board's determination that the worker was not barred from recovery. The compensation board in *Young* had dismissed the worker's prior claim, finding he did not have the alleged disability. When worker applied for subsequent employment, although failing to reveal the prior claim, worker did indicate he had received a medical test with an inconclusive result. We do not find the analysis in *Young* applies to claimant's contention. In *Young,* the court reasoned that the answers to the questions became less relevant as time passed. However, the statute in question did not require evidence of causal connection, and we do not understand *Young* to have held as a matter of law that the passage of time requires a finding of no causal connection. Claimant's original fraudulent application for employment was causally related to his subsequent injury. Where, as here, the latter injury is shown to have been related to the original disability, claimant's argument is not persuasive.

We affirm the ruling of the WCJ.

IT IS SO ORDERED.

MINZNER and CHAVEZ, JJ., concur.