This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**KEVIN BISHOP,**

Worker-Appellant,

v.                                                                                        **NO. 32,184**

**DON CHALMERS FORD, INC. and**
**SENTRY INSURANCE COMPANY,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Rodney Ralph Dunn
Rio Rancho, NM

for Appellant

Lisa Mack
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Worker appeals from the workers' compensation judge's (WCJ's) order denying Worker benefits. This Court issued a calendar notice proposing to affirm. Worker has filed a memorandum in opposition, which this Court has duly considered. Unpersuaded, we affirm.

In his docketing statement, Worker argued that the WCJ should have applied the doctrine of laches to bar Employer from denying Worker's claim after Employer had paid the claim without dispute for five years. Worker argued that he suffered a disadvantage by no longer being able to prove his claim given the lapse in time. In our calendar notice, we proposed to conclude that the WCJ did not abuse its discretion in refusing to apply the doctrine of laches. Worker does not address our proposed analysis with respect to the doctrine of laches, and we therefore consider his argument abandoned. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (providing that, when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

Instead, in his memorandum in opposition, Worker relies on *Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, ¶ 23, 131 N.M. 272, 34 P.3d 1148, and NMSA 1978, Section 52-5-1 (1990), for the proposition that workers and employers should be treated equally. [MIO unpaginated 1][1]  Worker contends that if Employer had originally denied his claim he would have been required to file a workers' compensation complaint for benefits within one year or be "forever barred." [MIO unpaginated 2 (citing NMSA 1978, Section 52-1-31(A) (1987)) ]  Worker argues that limitation periods are intended to "compel the exercise of a right of action within a reasonable period of time so that the party against whom the action is brought will have a fair opportunity to defend." [MIO unpaginated 2 (citing *West v. Home Care Res.*, 1999-NMCA-037, 127 N.M. 78, 976 P.2d 1030)] Worker contends that "[j]ust as the Worker is limited in the amount of time within which to make a claim for benefits to one year, the Employer/Insurer must also be limited in the amount of time within which to deny Worker's claim." [MIO unpaginated 3]

To the extent Worker is arguing that this Court should impose a limitations period on employers within which to dispute claims, we decline to do so. "Workmen's compensation statutes are sui generis and create rights, remedies[,] and procedures

[1]  The Court directs Worker to Rule 12-305(B)(3) NMRA, which requires that documents filed with this Court be "paginated with consecutive page numbers at the bottom."

[that] are exclusive." *Anaya v. City of Santa Fe*, 80 N.M. 54, 56, 451 P.2d 303, 305 (1969). This Court is therefore bound by the procedures established by our Legislature in its enactment and amendment of the WCA as stating the bargain between workers and employers. *See* Section 52-5-1 ("The workers' benefit system in New Mexico is based on a mutual renunciation of common law rights and defenses by employers and employees alike. Accordingly, the [L]egislature declares that the Workers' Compensation Act . . . [is] not remedial in any sense and [is] not to be given a broad liberal construction in favor of the claimant or employee on the one hand, nor are the rights and interests of the employer to be favored over those of the employee on the other hand."). As a result, we cannot create a limitations period for employers where our Legislature has not done so.

For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

4

_____
**MICHAEL E. VIGIL, Judge**