763 P.2d 82

**Olga JAYNES, Claimant–Appellant,**

v.

**WAL–MART STORE NO. 824 and National Union Fire Insurance Company, Respondents–Appellees.**

**No. 10761.**

Court of Appeals of New Mexico.

Aug. 30, 1988.

Narciso Garcia, Jr., Toulouse, Toulouse & Garcia, Albuquerque, for claimant-appellant.

Robert A. Martin, Bradley & McCulloch, P.A., Albuquerque, for respondents-appellees.

OPINION

ALARID, Judge.

Claimant appeals the denial of her claim for benefits by the Workers' Compensation Division. Our calendar notice proposed summary affirmance of the hearing officer's decision. Claimant has filed a memorandum in opposition. The memorandum

was filed one day late. We caution claimant's counsel that a party has a maximum of thirteen days within which to file a memorandum responding to a calendar notice. *See* SCRA 1986, 12–210(E)(3); SCRA 1986, 12–308(B). Being unpersuaded by claimant's memorandum, we affirm the hearing officer.

FACTS

Claimant was injured in an accident arising out of and in the course of her employment with respondent Wal–Mart Store No. 824 (Wal–Mart) on May 23, 1986. In her employment application to Wal–Mart, claimant denied any history of back injury. In fact, she had suffered a back injury in a previous job resulting in a three percent physical impairment rating. Respondents' expert medical witness testified in his trial deposition that claimant was at an increased risk of injury because of her prior undisclosed injury. Based upon claimant's misrepresentation in her employment application, the hearing officer denied her claim for compensation benefits.

DISCUSSION

■ To bar recovery of workers' compensation benefits on the ground of a falsified employment application, three essential factors must be present: (1) the employee must have knowingly and wilfully made a false representation as to his physical condition; (2) the employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring; and (3) there must have been a causal connection between the false representation and the injury. *Martinez v. Driver Mechenbier, Inc.,* 90 N.M. 282, 562 P.2d 843 (Ct.App.1977); *see also* 1C A. Larson, *The Law of Workmen's Compensation,* § 47.53 (1986).

■ Claimant does not challenge the hearing officer's findings that the first two factors were present in this case. Rather, she argues that there was not substantial evidence to support the hearing officer's determination of a causal connection between the false representation and the injury. Our calendar notice proposed to find substantial evidence in support of the hearing officer's finding in the form of claim-

ant's physical impairment rating and respondent's expert testimony that claimant was at an increased risk due to the prior injury.

Claimant relies on *Chavez v. Lectrosonics, Inc.,* 93 N.M. 495, 601 P.2d 728 (Ct. App.1979) (per Sutin, J.). In *Chavez,* Judge Sutin wrote that the employer establishes a causal connection between the false representation and the injury:

(1) where an employer proves a previous permanent disability, and (2) that by medical testimony the risk of injury in his employment has increased * * *. On the other hand, if a workman has proven that (1) his physical condition and disability is such that he was able to perform the same duties in prior employment without any physical difficulty, (2) before he made application for employment, and (3) he was able to perform the duties of his employment, no causal connection exists between the false representation and the injury.

*Id.,* 93 N.M. at 498, 601 P.2d at 731.

Our calendar notice pointed out that Judge Sutin's opinion was not an opinion of this court. *See Casias v. Zia Co.,* 94 N.M. 723, 616 P.2d 436 (Ct.App.1980); NMSA 1978, § 34–5–11 (Repl.Pamp.1981). Nevertheless, claimant urges the court to adopt Judge Sutin's reasoning. We are not inclined to do so.

The dilemma posed by Judge Sutin's opinion is illustrated by the present case. Clearly, under Judge Sutin's test, respondents produced substantial evidence establishing a causal connection between the false representation and the injury. *See Sanchez v. Homestake Mining Co.,* 102 N.M. 473, 697 P.2d 156 (Ct.App.1985). On the other hand, claimant vigorously argues that she established that her present injury was not a result of the false representation. Claimant contends that she was able to perform similar duties in prior employment without physical difficulty as well as perform the duties of her employment with Wal–Mart. Rather, claimant asserts that her injury was causally related to a previous auto accident and not to any prior work-related injury. Thus, we have a

standoff if we apply Judge Sutin's reasoning.

Claimant states that our rejection of the *Chavez* rationale denies her the opportunity to prove that the previous work injury was not causally related to the subsequent work injury. This, claimant argues, goes against the well-established rule that we will liberally construe the Workers' Compensation Act in favor of the worker. *See Brooks v. Hobbs Mun. Schools*, 101 N.M. 707, 688 P.2d 25 (Ct.App.1984). We disagree. Claimants are free to present evidence, as claimant did in the instant case, refuting the employer's evidence of causal connection. It is for the trier of fact to weigh the evidence, determine the credibility of witnesses, reconcile inconsistent statements of the witnesses, and determine where the truth lies. *Sanchez v. Homestake Mining Co.* Here, the hearing officer determined, on the basis of substantial evidence, that there was a causal connection between the false representation and the injury. The question on appeal is not whether there is evidence to support an alternative result but, rather, whether the fact finder's result is supported by substantial evidence. *See Bagwell v. Shady Grove Truck Stop*, 104 N.M. 14, 715 P.2d 462 (Ct.App.1986). Our holding is also consistent with the spirit of the Act because the burden of proving a causal connection remains with the employer.

Finally, claimant maintains that respondents did not present substantial evidence of a causal connection because their physician did not examine claimant until one year after the injury. We point out that the physician's credibility and the weight of his testimony were matters for the hearing officer. *See Sanchez v. Homestake Mining Co.* We also note that our result would be the same under a "whole record" standard of review.

The order of the hearing officer denying claimant compensation benefits is affirmed. No costs or attorney fees are awarded on appeal.

IT IS SO ORDERED.

BIVINS and APODACA, JJ., concur.