This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ELAINE F. MARTINEZ,**

Petitioner-Appellee,

v.                                                    **No. A-1-CA-36641**

**RICHARD J. MONTOYA,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Sylvia F. LaMar, District Judge**

Yvonne Kathleen Quintana
Espanola, NM

for Appellee

Elion Law Firm, P.C.
Gary D. Elion
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Respondent Richard J. Montoya challenges the district court's award of child support to Petitioner Elaine F. Martinez. In response to Respondent's docketing

statement, we proposed to affirm. Respondent has filed a memorandum in opposition (MIO). After due consideration, we are unpersuaded and therefore affirm.

{2}     To the extent possible, we will avoid repetition here of pertinent background, analytical principles, and analysis set forth in our calendar notice. Instead, we will focus on Respondent's MIO. Respondent revisits the four arguments raised in his docketing statement.

{3}     **Issue 1:** Respondent contends that only the first year's calculation of child support by the district court qualifies as an initial calculation, and that, contrary to our proposed conclusion, the calculations for subsequent years should be considered modifications controlled by NMSA 1978, Section 40-4-11.4(A) (1991). [MIO 1-2] We are not persuaded because Section 40-4-11.4(A) covers modifications "subsequent to the adjudication of the pre-existing order." In this case, there was no pre-existing order; instead, at issue on appeal is an initial retroactive support order that covered multiple years during which regular child support had not been made. [RP 87 ¶ 4, ; RP 56-57 ¶¶ 10 (a, f)] Respondent has not cited any authority to indicate that all but the initial year of an initial child support order covering multiple years are subject to the requirements of Section 40-4-11.4(A), and we presume there is none. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that we may assume no authority exists for an argument where a party does not provide

any). Accordingly, we conclude that the district court's yearly calculations of back child support were not an abuse of that court's discretion. *Klinksiek v. Klinksiek*, 2005-NMCA-008, ¶ 4, 136 N.M. 693, 104 P.3d 559 ("The determination of child support is within the district court's discretion and we review it on appeal only for an abuse of discretion.").

{4}   **Issue 2:** Respondent objects to our proposed conclusion that the district court did not abuse its discretion in failing to find, as Respondent contended in the docketing statement, that "the time-share arrangements had been and always were 50/50" [DS 3]. [MIO 2-3] Respondent contends that the district court abused its discretion because it did not specifically determine that there was substantial evidence to support its conclusion about the custodial schedule, but merely found that there was conflicting evidence on this issue. [MIO 3] We are not persuaded. Respondent does not challenge that there was conflicting evidence on this point, and does not indicate why the evidence contrary to his desired conclusion was not substantial. Moreover, there is evidence in the record that suggests that there was substantial evidence presented. [*See* Response to Respondent's Objection to Report and Decision of Child Support Hearing Officer, RP 80-81 ¶ 2 ("The witnesses [on this issue] were Respondent's family members and were not certain of the schedule for custody and oscillated back and forth in their responses. On the converse side, Petitioner's

3

witnesses included not only family members, but independent witnesses from Rio Arriba Planning and Zoning and the local utility company."). *Landavazo v. Sanchez*, 1990-NMSC-114, ¶ 7, 111 N.M. 137, 802 P.2d 1283 ("Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion. Evidence is substantial even if it barely tips the scales in favor of the party bearing the burden of proof." (internal quotation marks and citations omitted)).

{5}     **Issue 3:** Respondent contends that, although an insurance payment to Respondent was the source of his $10,000 payment to Petitioner, the payment was nevertheless for child support. [MIO 3] To support that contention, Respondent points to his testimony, and also the insignificance of Petitioner's use of the funds for a purpose other than child support. [MIO 3] Nevertheless, as stated in our calendar notice, evidence appears to have been presented to support a contrary view: both parties had owned the residence, though Respondent had insured it individually; Petitioner had left appliances in the home that she had purchased; and Petitioner gave Respondent a quitclaim deed. [RP 57 ¶ 10f] We will not reweigh the evidence, or replace the judgment of the fact-finder with ours, *see, e.g.*, *Clark v. Clark*, 2014-NMCA-030, ¶ 26, 320 P.3d 991, because the trier of fact weighs testimony, determines the credibility of witnesses, and, ultimately, determines where the truth

4

lies, *see, e.g.*, *Jaynes v. Wal-Mart Store No. 824*, 1988-NMCA-076, ¶ 8, 107 N.M. 648, 763 P.2d 82.

{6}     **Issue 4:** Respondent contends that his income for 2011 was improperly computed in that, though his income was computed from the income reported on his tax records, the proceeds from an insurance claim that were reported as taxable income should have been deducted. [MIO 3-4] Respondent calls this a mathematical error but it appears to us an assertion of legal error because he does not contend that a computation was performed incorrectly, but, instead, argues that the insurance proceeds should not have counted as income for purposes of calculating child support because the casualty loss itself should be deducted from Respondent's gross income. [MIO 4-5] Respondent has not provided any authority for that position;[1] accordingly, we assume there is none, *see In re Adoption of Doe*, 1984-NMSC-024, ¶ 2 (stating that we may assume no authority exists for an argument where a party does not provide any). Also, Respondent does not address an additional reason we offered for our proposed conclusion—that the district court determined upon review of the record that, in fact, the insurance claim proceeds were not included in the calculation of his 2011 income [RP 89-90 ¶ 11]. [Calendar Notice 5] The burden on appeal rests on the

---

[1]Respondent offers only *Helvering v. Owens*, 305 U.S. 468 (1939), which is inapposite.

5

Respondent to clearly demonstrate that the trial court erred. *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063.

**CONCLUSION**

{7}     For the reasons stated herein and in our calendar notice, we affirm the judgment of the district court.

{8}     **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____
**EMIL J. KIEHNE, Judge**

6