This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **No. A-1-CA-37433**

**ALFREDA LEE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Louis E. DePauli, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant appeals from the judgment and conditional discharge by the district court following a jury's findings of guilt for child abuse (not resulting in death or great bodily harm; a third degree felony), contrary to NMSA 1978, Section 30-6-1(D) (2009), and aggravated driving while intoxicated (DWI), contrary to NMSA 1978, Section 66-8-102(D)(3) (2016). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Defendant continues to argue that the district court should have suppressed the evidence that resulted from the stop of Defendant,

should have suppressed Defendant's statements, and should have suppressed evidence that resulted from the arrest of Defendant. [MIO 3-10] We addressed these arguments in our calendar notice. [CN 9-12] Defendant reiterates her argument that the officer did not have reasonable suspicion, emphasizing that "[a]t no point was a license pla[t]e or a description of the vehicle offered and verified by the police officers." [MIO 4] In our calendar notice, we noted that the attempt to locate was at a business and the officer did not verify a license plate or a description of the vehicle. [CN 9] Nonetheless, it appeared that there were specific articulable facts supporting the stop. We noted that it appeared that the police were called to Panda Express, "in reference to a possibly intoxicated person, ordering food, with a small child in her truck." [CN 9] Further, the officer testified that "she stopped the *only* vehicle *in the drive-through*[.]" (Emphasis addded.) [CN 9]

**{3}** Also, Defendant continues to argue that the district court should have suppressed her statements, apparently pursuant to the protections provided by *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966). [MIO 5] While Defendant uses her memorandum in opposition to argue that she was not free to leave, Defendant neglects to provide this Court with any further facts or arguments that persuade us the district court erred. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** We decline to accept Defendant's invitation to investigate the location of this stop and to "observe through a quick search and by taking judicial notice of a Google image" of the drive-through at issue. [MIO 6] First, this Court does not reweigh evidence on appeal. *Jaynes v. Wal-Mart Store No. 824*, 1988-NMCA-076, ¶ 8, 107 N.M. 648, 763 P.2d 82. Second, even accepting that Defendant was unable to leave the drive-through because of where the police officer stopped her vehicle, our calendar notice did not suggest or imply that Defendant was free to leave. It is apparent this was a traffic stop.

**{5}** In *State v. Wilson*, 2007-NMCA-111, ¶¶ 1, 23, 142 N.M. 737, 169 P.3d 1184, this Court emphasized that the test for determining that a defendant is in *Miranda* custody is not one employed by using a Fourth Amendment analysis of investigatory detention versus de facto arrest, but instead whether the defendant's freedom of movement is restrained by formal arrest or of the degree associated with a formal arrest. A 'free-to-leave' analysis is problematic because in some circumstances, such as "routine traffic stops[, an] individual is not free to leave but also [is] not 'in custody' pursuant to *Miranda*." *Id.* ¶ 22 (internal quotation marks and citation omitted). The free-to-leave inquiry is only the beginning of the *Miranda* analysis that determines whether the person was seized. *See id.* "[B]ecause not every seizure constitutes custody for purposes of *Miranda*," the analysis continues if a person is not free to leave. *Id.* (internal quotation

marks and citation omitted). In this case, this Court questioned whether or not there was a custodial interrogation leading to Defendant's statements. [CN 11-12] Defendant does not address this legal principle in her memorandum in opposition, and therefore, we cannot find that the district court was in error. *See Hennessy*, 1998-NMCA-036, ¶ 24.

{6}     In her memorandum in opposition, Defendant continues to argue that the district court should have suppressed all of the evidence resulting from her arrest, apparently arguing that there was a lack of probable cause for the arrest. [MIO 8-9] This leads us to address Defendant's seemingly fundamental misunderstanding of the state of the law regarding actual physical control. This case is an actual driving case, not an actual physical control case, because, as we stated in our calendar notice, there was "significant circumstantial evidence" regarding driving. [CN 5] As we proposed in our calendar notice, "the apparent location of Defendant's vehicle allows for a strong inference that Defendant drove there: Defendant's car was located in a drive-through of a restaurant, and the call to police suggested that the person was 'ordering food.' " [DS 3] [CN 5-6] Further, Defendant's statements support the inference that Defendant actually drove there. [CN 6] Thus, there is no indication that the State proceeded on an actual physical control theory.

{7}     This is precisely Defendant's apparent misunderstanding of the law. [MIO 9] Because there was no evidence presented by an eyewitness to the driving, if there was insufficient circumstantial evidence to infer that Defendant actually drove while intoxicated, that would have required the State to prove actual physical control of the vehicle. *See State v. Mailman*, 2010-NMSC-036, ¶ 28, 148 N.M. 702, 242 P.3d 269. However, because Defendant's car was located in a drive-through lane and Defendant apparently was ordering food, there was significant circumstantial evidence that Defendant was driving. Further, Defendant made admissions that implied she had driven. Therefore, the State presented evidence to support the element of driving, and therefore was not required to meet the evidentiary burdens of an actual physical control case. *See id.* Thus, we are unpersuaded by Defendant's memorandum in opposition, and we hold that the district court did not err in concluding there was probable cause for an arrest.

{8}     Additionally, Defendant continues to argue that the district court erred in denying Defendant's motion for a directed verdict as to the driving while intoxicated charge. [MIO 10-12] This Court addressed the sufficiency argument at length in our calendar notice. [CN 2-6] Defendant continues to argue that this was an actual physical control case; however, so her memorandum in opposition does not reach any other legal issues. [MIO 11] Defendant has not provided us with any information that persuades us that our analysis was in error. *See Hennessy*, 1998-NMCA-036, ¶ 24. Therefore, we conclude that there was sufficient evidence to find Defendant guilty of driving while intoxicated and that the district court did not err in denying Defendant's motion for directed verdict.

{9}     Defendant likewise relies on her incorrect analysis of *Mailman* in continuing to argue that the district court erred in filing to dismiss the charge of child abuse by negligent endangerment. [MIO 12] In our calendar notice, we distinguished New Mexico

law on actual physical control from the case at hand. [CN 6 (citing *State v. Orquiz*, 2012-NMCA-080, ¶ 10, 284 P.3d 418)] We proposed that "a DWI conviction remains a sufficient factual basis for a child abuse by endangerment conviction," even in light of *State v. Consaul*, 2014-NMSC-030, 332 P.3d 850. [CN 7, (citing *Orquiz*, 2012-NMCA-080, ¶ 8)] Defendant argues in her memorandum in opposition that child abuse by negligent endangerment cannot result from an actual physical control case. [MIO 13, citing *State v. Etsitty*, 2012-NMCA-012, ¶ 11, 270 P.3d 1277] Defendant fails to address this Court's suggestion that Defendant was not found guilty by actual physical control. We therefore refer Defendant to our analysis above and in our calendar notice and conclude that the district court did not err in failing to dismiss the child abuse by negligent endangerment charge.

**{10}** Finally, Defendant continues to argue that the "Facebook evidence that corroborated [her] statements should have been admitted." [MIO 14] In our calendar notice, we proposed that Defendant presented us with insufficient evidence to consider this claim. [CN 12] This Court continues to find that we have incomplete information about the evidence that was offered and the rulings that the district court made. It is unclear whether Defendant is referring to rulings made before trial or during trial, and the grounds on which the district court ruled. Now, Defendant argues that the Facebook posts were exceptions to hearsay, but this Court still does not have a basis for understanding why the district court "refused to allow that evidence." [MIO 14] As such, Defendant has failed to show that this Facebook evidence should have been admitted or that the district court's refusal "was error warranting reversal." [MIO 14] *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10.

**{11}** Defendant does not otherwise asserts facts, law, or arguments that persuade us that our calendar notice was wrong. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10. Thus, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{12} IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**BRIANA H. ZAMORA, Judge**