This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37342**

**HELENA LANE and LONNIE LANE,**

      Plaintiffs-Appellees,

v.

**OMAR SOTO-VEGA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Fine Law Firm
David M. Fine
Charlotte L. Itoh
Albuquerque, NM

for Appellees

O'Brien & Padilla, P.C.
Alicia M. Santos
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant Omar Soto-Vega appeals a jury verdict in favor of Plaintiffs Lonnie and Helena Lane, stemming from an automobile collision with Defendant. Defendant claims that the district court erred by (1) excluding testimony from his medical billing expert; (2) admitting exhibits summarizing Plaintiffs' medical bills; (3) admitting testimony by Plaintiffs' orthopedic expert witness; and (4) admitting evidence that Defendant's driver's license was expired at the time of the collision. Additionally, Defendant argues that these errors prejudiced him individually and cumulatively.

Because we see no error in any of the issues raised, we do not reach Defendant's arguments regarding prejudice. For the following reasons, we affirm.

**BACKGROUND**

{2}     Given that the parties are familiar with the facts and details of this case, we only briefly set forth pertinent facts and applicable law in this memorandum opinion, reserving further discussion of specific facts where necessary to our analysis. *See* Rule 12-405(B) NMRA (providing that appellate courts "may dispose of a case by non-precedential order, decision or memorandum opinion" under certain circumstances); *State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361 ("[M]emorandum opinions are not meant to be cited as controlling authority because such opinions are written solely for the benefit of the parties[, and s]ince the parties know the detail of the case, such an opinion does not describe at length the context of the issue decided[.]").

{3}     The following was presented at trial. In January 2016, Plaintiff Lonnie Lane was driving a vehicle in which Plaintiff Helena Lane was a passenger. Defendant's vehicle drifted into Plaintiffs' lane, forcing Plaintiffs' vehicle into the curb and causing multiple collisions between the vehicles. Both Plaintiffs sustained injuries in the collisions.

{4}     Plaintiffs' witness, Dr. Harvie, an orthopedic surgeon, was recognized without objection as an expert in orthopedic medicine. Dr. Harvie testified about Plaintiff Helena Lane's disk herniation and the effect of this injury on the adjacent nerves. Additionally, Dr. Harvie testified that Plaintiff Lonnie Lane's headaches were caused by a neck injury sustained in the collision.

{5}     Defendant's witness, Ms. Cleveland, was recognized without objection as an expert in medical billing and coding. Discussions with the district court during Ms. Cleveland's voir dire revealed that Defendant intended to present testimony from Ms. Cleveland that (1) Plaintiffs' medical bills included preventative care that was unrelated to the collision with Defendant; and (2) the total medical costs presented in stipulated exhibits that summarized each of Plaintiffs' medical costs should be lower because the totals included preventative care. Although Defendant represented that Ms. Cleveland had reviewed every medical bill at issue, when discussing specific bills with the district court, it became apparent that Ms. Cleveland did not review all relevant records, and she stated plainly, "I don't think I got all the bills." Immediately after this admission, the parties approached for a bench conference, the contents of which were not captured in the record. After the bench conference, and without objection, the district court instructed the jury to disregard Ms. Cleveland's testimony.

{6}     Although Defendant denied entering Plaintiffs' lane on the day of the collision, the jury entered a special verdict, in favor of Plaintiffs and against Defendant for a total of $88,952.53 in damages.

**STANDARD OF REVIEW**

**{7}** "With respect to the admission or exclusion of evidence, we generally apply an abuse of discretion standard where the application of an evidentiary rule involves an exercise of discretion or judgment, but we apply a de novo standard to review any interpretations of law underlying the evidentiary ruling." *Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 13, 146 N.M. 453, 212 P.3d 341. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (internal quotation marks and citation omitted).

**DISCUSSION**

**I.   Defendant Failed to Preserve the Issue of the Alleged Exclusion of the Medical Billing Expert's Testimony**

**{8}**   Defendant's appellate counsel argues that the district court erred by excluding testimony of Ms. Cleveland. Plaintiff responds that after Ms. Cleveland's voir dire, Defendant's trial counsel chose to withdraw her as a witness during the bench conference that was not captured in the record. Even assuming, without deciding, that Ms. Cleveland's testimony was excluded by the district court, Defendant failed to preserve the issue.

**{9}**   "To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Id.* ¶ 24 (internal quotation marks and citation omitted). "The primary purposes for the preservation rule are: (1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue." *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 56, 146 N.M. 853, 215 P.3d 791. "[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue." *Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273.

**{10}**   Defendant fails to "point out where, in the record, [he] invoked the [district] court's ruling on the issue[,]" *id.* ¶ 14, and our own review of the record reveals no ruling on the issue. Defendant made no objection after the bench conference regarding Ms. Cleveland's testimony. When the district court offered to instruct the jury to disregard Ms. Cleveland's testimony after the conclusion of the bench conference, Defendant failed to object to the district court's offer at that time or raise an objection when the district court specifically instructed the jury to disregard it. Although it is possible that Defendant's trial counsel acted under a mistaken assumption that the bench conference at issue was recorded—and objected to a dismissal of Ms. Cleveland in this conference—Defendant does not allege this on appeal and has failed to comply with the procedures required for such a claim. *See* Rule 12-211(H) NMRA (stating that when

faced with an inaudible transcript, appellants shall prepare a statement of the proceeding from the best available means, including appellant's recollection, to file with the district court, which shall settle and approve the transcript before transmitting it to the appellate court).

**{11}** Because Defendant does not provide a citation to the record indicating where the issue of admissibility of Ms. Cleveland's testimony was preserved, and because we see no obvious preservation in the record, we need not address the issue further. *See Crutchfield*, 2005-NMCA-022, ¶ 14.

## II.     Defendant Failed to Preserve the Issue of Admission of Stipulated Summary Exhibits

**{12}** Defendant argues that Plaintiffs' exhibits that summarized their collision-related medical bills should not have been admitted as substantive evidence. Plaintiffs respond that because Defendant stipulated to the admission of the exhibits, the issue is unpreserved.

**{13}** When discussing the exhibits at issue, Defendant told the district court that he "stipulated for foundational purposes for [the] basis of admissibility and use." During trial, the stipulated exhibits were admitted without objection or further discussion of any limitation on their use. Dr. Harvie testified without objection that he had reviewed Plaintiffs' medical bills and the summary exhibits showed an accurate total of the portion of the bills related to the collision. Later in the trial, Defendant attempted to challenge the *accuracy* of the total amounts listed and claimed that his "understanding was that [the exhibits] were for demonstrative purposes," but that he "did not stipulate to the basis of the numbers." However, these claims of a limited, demonstrative purpose arose during a discussion of Defendant's later-withdrawn medical billing expert, and our review of the record reveals no ruling by the district court on the demonstrative or substantive nature of the exhibits. Notably, Defendant seemingly treated the exhibits as substantive evidence during his motion for a directed verdict, in which he argued that Plaintiffs "failed to satisfy any values associated with several damages, including . . . emotional distress, loss of household services, pain and suffering, et cetera," and asked for "a directed verdict on damages, *outside those listed in [the medical bill exhibits.]*" (Emphasis added.)

**{14}** Defendant now argues that there was a "misunderstanding" regarding his stipulation to the admissibility of the summary exhibits, but fails to direct this Court to the location in the record where he invoked a ruling on the admissibility or permissible use of the exhibits. Although Defendant articulated this issue in his post-trial motion to set aside the verdict, or in the alternative, for a new trial, such a motion "cannot be used to preserve issues not otherwise raised during the proceedings." *Sandoval*, 2009-NMCA-095, ¶ 56. Therefore, absent citation to the record indicating where the issue was preserved, and absent any obvious preservation in any of the discussions of the exhibits, we need not address the issue further. *See Crutchfield*, 2005-NMCA-022, ¶ 14.

**III. The District Court Did Not Abuse its Discretion by Admitting Testimony From Plaintiffs' Orthopedic Expert**

**{15}** Defendant claims that the district court erred by allowing Dr. Harvie to render "unfounded neurological opinions" regarding (1) the nerve impingement effects of Plaintiff Helena Lane's disk herniation and (2) the cause of Plaintiff Lonnie Lane's headaches. Specifically, Defendant alleges that Dr. Harvie lacked the necessary qualifications to present these portions of his testimony, which Defendant characterizes as neurological opinions.

**{16}** "The admissibility of expert testimony in New Mexico is guided by Rule 11-702 NMRA, which sets out three requirements: (1) that the expert be qualified; (2) that the testimony be of assistance to the trier of fact; and (3) that the expert's testimony be about scientific, technical, or other specialized knowledge with a reliable basis." *Conception & Rosario Acosta v. Shell W. Expl. & Prod., Inc.*, 2016-NMSC-012, ¶ 22, 370 P.3d 761 (internal quotation marks and citation omitted).

**{17}** When asked specifically about his neurological training, Dr. Harvie testified:

> You cannot be an orthopedic surgeon unless you understand neurology very well, because when you're dealing with things of the spine, of the hand or shoulder or the neck, you're dealing with nerves that are involved, and you need to be able to figure out what is being—pressure on the nerve, whether the nerve has been damaged, whether or not the nerve is functioning. The nerve can be damaged in multiple different ways.

Stated differently, Dr. Harvie's experience and training as an orthopedic surgeon included specialized knowledge of nerve damage and function.

**{18}** Regarding Plaintiff Helena Lane's injuries, Dr. Harvie testified about the effects of disk herniation on nerves impinged or "squeeze[d]" by the herniation. Defendant objected on the grounds that the testimony constituted neurological testimony that was outside Dr. Harvie's expertise; Plaintiffs responded by reminding the district court of Dr. Harvie's prior testimony regarding his training and knowledge regarding the subject at hand. Because Dr. Harvie's training as an orthopedic surgeon included training on nerves and nerve injuries in the spine, we cannot say that admission of testimony regarding the nerve effects of disk herniation was "contrary to the logical conclusions demanded by the facts and circumstances of the case." *Benz*, 2013-NMCA-111, ¶ 11 (internal quotation marks and citation omitted). Therefore, we conclude that it was not an abuse of discretion for the district court to allow testimony regarding nerve impingement stemming from Plaintiff Helena Lane's disk herniation.

**{19}** We are unpersuaded by Defendant's arguments based on *Parkhill v. Alderman-Cave Milling & Grain Co. of N.M.*, 2010-NMCA-110, 149 N.M. 140, 245 P.3d 585. In *Parkhill*, a toxic tort case, this Court affirmed the exclusion of medical experts who would have opined that the plaintiffs' health problems were caused by exposure to a

chemical in horse feed. *Id.* ¶¶ 7, 31. One of the excluded experts was a treating physician who opined, without scientific basis, that the chemical at issue permanently remains in the human body. *Id.* ¶¶ 20, 26. Defendant claims that, like one of the excluded experts in *Parkhill,* Dr. Harvie's testimony was based on a faulty assumption. Specifically, Defendant claims that Dr. Harvie's testimony about the effects of a nerve injury from an L4-5 disk herniation was faulty because Defendant's neurology expert provided contradictory testimony. However, simply because another expert provides a differing opinion does not make one expert's opinion unfounded and inadmissible. "It is for the trier of fact to weigh the evidence, determine the credibility of witnesses, reconcile inconsistent statements of the witnesses, and determine where the truth lies." *Jaynes v. Wal-Mart Store No. 824*, 1988-NMCA-076, ¶ 8, 107 N.M. 648, 763 P.2d 82. Moreover, Dr. Harvie's lack of specialized expertise in neurology, even when contradicted by a neurology expert, goes to the weight of Dr. Harvie's testimony, not to its admissibility. *See Holzem v. Presbyterian Healthcare Servs.*, 2013-NMCA-100, ¶ 15, 311 P.3d 1198 (discussing a non-specialist's ability to testify as to the standards of care owed by a defendant specialist because the fact that a medical witness is not a specialist "goes to the weight, not to admissibility" (internal quotation marks and citation omitted)).

**{20}**    Regarding Plaintiff Lonnie Lane's headaches, Dr. Harvie testified that these headaches were caused by a neck injury sustained in the collision. Although Defendant objected to Dr. Harvie's testimony regarding Plaintiff Helena Lane's nerve-related injuries, Defendant made no such objection to Dr. Harvie's testimony about Plaintiff Lonnie Lane's headaches. Because Defendant has failed to point out where in the record he invoked the district court's ruling on the issue, and because we see no other obvious preservation of the issue, we need not consider it further. *See Crutchfield*, 2005-NMCA-022, ¶ 14. Even if we were to assume without deciding that Defendant preserved his argument regarding the propriety of this testimony, we are unconvinced that the admission was an abuse of discretion. Defendant cites in his briefing to Dr. Harvie's brief testimony regarding the cause of Plaintiff Lonnie Lane's headaches. Dr. Harvie testified that the headaches correlated to the collision because "[t]he nerves that serve the back of the head come up out of the back of the neck . . . [and] come all the way to the forehead, and so if you get muscle strain where the muscles are in spasm, you can get a headache in the front just due to that." Because Dr. Harvie's training as an orthopedic surgeon included training on nerves and nerve injuries in the spine, and because such training logically qualifies Dr. Harvie to testify about the nerve effects of a neck injury, we hold that it was not an abuse of discretion for the district court to allow testimony on the connection between Plaintiff Lonnie Lane's neck injury and his headaches.

## IV.    Defendant Failed to Preserve the Issue of Admissibility of Evidence of his Expired Driver's License

**{21}**    Lastly, Defendant claims that the district court erred by admitting evidence of his expired driver's license because such evidence was irrelevant. However, Defendant failed to object to the evidence on relevance or any other grounds, and Defendant's own

trial counsel asked Defendant multiple questions about his expired license during his testimony. Because Defendant failed to invoke the district court's ruling on the issue, and because we see no other preservation of the issue, we therefore will not consider it further. *See Crutchfield*, 2005-NMCA-022, ¶ 14; *see also Cordova v. Taos Ski Valley, Inc.*, 1996-NMCA-009, ¶ 13, 121 N.M. 258, 910 P.2d 334 ("A party who has contributed, at least in part, to perceived shortcomings in a trial court's ruling should hardly be heard to complain about those shortcomings on appeal.").

**CONCLUSION**

**{22}** For the foregoing reasons, we affirm.

**{23} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**