This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39776**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

      Petitioner-Appellee,

v.

**DOLORES F.,**

      Respondent-Appellant,

and

**JOHNNY F.,**

      Respondent,

**IN THE MATTER OF BREANNA F.,
and UZIEL F.,**

      Children.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Judge**

Children, Youth & Families Department
Mary McQueeney, Acting Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Respondent (Mother) appeals the district court's adjudicatory order. In this Court's notice of proposed disposition, we proposed to summarily affirm. Mother filed a memorandum in opposition to our proposed summary disposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Mother continues to assert that the evidence was insufficient to support the adjudication. [MIO 5] As support, Mother contends she was a victim of domestic violence who did everything in her power to protect Children from harm, and asks this Court to consider her mental state as a victim of domestic violence. [MIO 7-8, 10-11] Mother also asserts that given the level of violence by Father toward Children, Mother was likely to have been physically harmed had she attempted to prevent Father from abusing Children. [MIO 10] Mother essentially asks us to reweigh the evidence, which we will not do on appeal. *See State ex rel. Child., Youth & Fams. Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 19, 141 N.M. 299, 154 P.3d 674 (providing that on appeal, we employ a narrow standard of review, view the evidence in the light most favorable to the prevailing party and do not reweigh the evidence); *Jaynes v. Wal-Mart Store No. 824*, 1988-NMCA-076, ¶ 8, 107 N.M. 648, 763 P.2d 82 ("It is for the trier of fact to weigh the evidence, determine the credibility of witnesses, reconcile inconsistent statements of the witnesses, and determine where the truth lies."). For the reasons discussed in our notice of proposed disposition [CN 4], we conclude the evidence presented was sufficient to support the adjudication of abuse and neglect as to Mother.

**{3}** Mother additionally argues she was denied due process because the district court did not allow her to fully cross-examine one of the Children in order to inquire about Child's improper use of the computer and her mental state. [MIO 14-15] However, Mother's memorandum in opposition is not responsive to the concerns identified in our notice of proposed disposition, including that additional testimony was unlikely to prove Father was using reasonable discipline and that Mother had not demonstrated district court error in regard to Child's competency to testify. [CN 7-9] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").We therefore conclude Mother has not shown error concerning this issue. *See Farmers, Inc. v. Dal*

*Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the district court erred).

**{4}** Accordingly, for the reasons discussed above and in our notice of proposed disposition, we affirm.

**{5}     IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**