This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39849**

**STATE OF NEW MEXICO ex rel. CHILDREN YOUTH & FAMILIES DEPARTMENT,**

Petitioner-Appellee,

v.

**LINDSEY V.,**

Respondent-Appellant,

and

**CHRISTIAN C.,**

Respondent,

and

**IN THE MATTER OF COLTON C.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Lee A. Kirksey, District Judge**

Children, Youth & Families Department
Mary McQueeney, Acting Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Laura K. Castillo
Hobbs, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Mother appeals the district court's abuse and neglect adjudication. We issued a notice of propose summary disposition proposing to affirm, and Mother has responded with a timely memorandum in opposition. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm the district court.

**{2}** In her memorandum in opposition, Mother continues to argue that the abuse and neglect adjudication was not supported by sufficient evidence because the district court relied on testimony from Child, who Mother asserts was not a credible witness due to his mental health issues and the fact that his testimony was inconsistent with his prior statements. [MIO 6-8] Mother also contends that Child was not competent as a witness. [MIO 6-9]

**{3}** We first reiterate that Mother's argument that Child was not a credible witness does not provide a basis for reversal. "On appeal, [this Court will] not reweigh the evidence or substitute our judgment for that of the [district] court on factual matters or on matters of credibility." *State ex rel. Child., Youth & Fams. Dep't v. William M.*, 2007-NMCA-055, ¶ 59, 141 N.M. 765, 161 P.3d 262; *see also Jaynes v. Wal-Mart Store No. 824*, 1988-NMCA-076, ¶ 8, 107 N.M. 648, 763 P.2d 82 ("It is for the trier of fact to weigh the evidence, determine the credibility of witnesses, reconcile inconsistent statements of the witnesses, and determine where the truth lies."). In this case, the district court considered Child's mental health issues and specifically found that Child's testimony was nonetheless credible. [RP 140] We defer to district court's judgment on this matter. *See State ex rel. Child., Youth & Fams. Dep't v. Keon H.*, 2018-NMSC-033, ¶ 51, 421 P.3d 814 ("It is not our job to assess the credibility of witnesses; it is our duty to defer to the district court's conclusions in this regard."); *State ex rel. Child., Youth & Fams. Dep't. v. Vanessa C.*, 2000-NMCA-025, ¶ 24, 128 N.M. 701, 997 P.2d 833 (stating that we do not "assess the credibility of the witnesses, deferring instead to the conclusions of the trier of fact").

**{4}** Mother also argues that Child was not competent as a witness due to his mental health issues. [MIO 7] Mother did not raise this issue in her docketing statement, and we therefore construe its inclusion in the memorandum in opposition as a motion to amend the docketing statement. *See* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon "good cause shown"). We will grant a motion to amend where: (1) that the motion is timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on

appeal, and (3) the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *see also State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting out the requirements for a motion to amend the docketing statement).

**{5}**     With respect to preservation, Mother has not stated whether or how she raised this issue in the district court. *See* Rule 12-321(A) NMRA (requiring a party to fairly invoke a ruling from the district court in order to preserve an issue for appeal); *see also Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). We note that "[w]hen an individual's competency to testify is challenged, the district courts are merely required to conduct an inquiry in order to ensure that he or she meets a minimum standard, such that a reasonable person could 'put any credence in their testimony.'" *State v. Ruiz*, 2007-NMCA-014, ¶ 23, 141 N.M. 53, 150 P.3d 1003 (quoting *State v. Hueglin*, 2000-NMCA-106, ¶ 22, 130 N.M. 54, 16 P.3d 1113). There is no indication in the record before us that Mother alerted the district court to the need to conduct such an inquiry. *See State v. Gomez*, 1997-NMSC-006, ¶ 29, 122 N.M. 777, 932 P.2d 1 (describing the two primary reasons for the preservation requirements as: "(1) to alert the [district] court to a claim of error so that it has an opportunity to correct any mistake, and (2) to give the opposing party a fair opportunity to respond and show why the court should rule against the objector"); *see also State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)).

**{6}**     Additionally, even assuming this issue was properly preserved, Mother has not demonstrated that this issue is viable. "There is a general presumption that all persons are competent to be witnesses." *State v. Candelaria*, 2019-NMSC-004, ¶ 43, 434 P.3d 297; *see also* Rule 11-601 NMRA. A district court's determination as to whether a witness is competent to testify is reviewed for an abuse of discretion. *Hueglin*, 2000-NMCA-106, ¶ 21. "Ordinarily the party challenging competency bears the burden to show the witness is incompetent." *Apodaca v. AAA Gas Co.*, 2003-NMCA-085, ¶ 60, 134 N.M. 77, 73 P.3d 215.

**{7}**     "To be competent, a witness is required to have a basic understanding of the difference between telling the truth and lying, coupled with an awareness that lying is wrong and may result in 'some sort of punishment.'" *Hueglin*, 2000-NMCA-106, ¶ 24 (quoting *State v. Fairweather*, 1993-NMSC-065, ¶ 22, 116 N.M. 456, 863 P.2d 1077). There is nothing in the record to suggest that Child was not competent as a witness under this standard. Mother's bare assertions that Child lied at the hearing and that he suffered from unspecified mental health issues are insufficient to establish that Child was not competent as a witness or that the district court abused its discretion in allowing Child to testify. [DS 8-9] Accordingly, this issue is not viable, and we deny Mother's motion to amend the docketing statement. *See State v. Munoz*, 1990-NMCA-109, ¶ 19,

111 N.M. 118, 802 P.2d 23 (indicating that we deny motions to amend the docketing statement if the issues that the appellant seeks to raise are not viable).

**{8}** For these reasons, we reject Mother's assertions of error and affirm the district court.

**{9}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**